**Julio BARRON–FLORES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–70315.

INS No. A70 169 574.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2001.

Decided July 31, 2001.

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

### MEMORANDUM *

Julio Barron–Flores appeals the Board of Immigration Appeals' ("BIA's") determination that he was ineligible to seek discretionary relief from deportation pursuant to INA § 212(c) (initially codified at 8 U.S.C. § 1182(c) but subsequently repealed) or a discretionary waiver of inadmissability pursuant to INA § 241(a)(1)(E)(iii) (initially codified at 8 U.S.C. § 1251(a)(1)(E)(iii) (1987) and now codified at 8 U.S.C. § 1227(a)(1)(E)(iii)). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount them here.

■ 1. We review the BIA's interpretation of the INA de novo. *Ladha v. INS*, 215 F.3d 889, 896 (9th Cir.2000). Because Mr. Barron–Flores' immigration proceedings commenced prior to April 1, 1997, the provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 are not applicable here. *Rivera Morena v. INS*, 213 F.3d 481, 485 n. 3 (9th Cir.2000).

■ 2. Mr. Barron–Flores, a citizen of Mexico, is charged with deportability for entry without inspection in violation of INA § 241(a)(1)(B). Because there is no comparable ground for exclusion under INA § 212(a), he is ineligible for a waiver of deportation under INA § 212(c). *Komarenko v. I.N.S.*, 35 F.3d 432 (9th Cir. 1994); *Cabasug v. I.N.S.*, 847 F.2d 1321 (9th Cir.1988).

■ 3. Mr. Barron–Flores is further charged with deportability for helping Martha Cecilia Castillo, also a citizen of Mexico, to enter into the United States illegally. Mr. Barron–Flores was not married to Ms. Castillo at the time of her illegal entry. Therefore, he is also ineligible for a waiver under INA § 241(a)(1)(E)(iii).

For the forgoing reasons, we AFFIRM the decision of the BIA.

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9 th Cir. R. 36–3.